[No. 627.    October 21, 1895.]

TERRITORY OF NEW MEXICO, APPELLEE, V.
JESUS VIALPANDO AND FELICIANO
CHAVEZ, APPELLANTS.

CRIMINAL LAW—MURDER—KILLING BY BURNING, SUFFICIENCY OF INDICT-
MENT CHARGING.—Under the statute defining murder generally, and
declaring that all murder which shall be perpetrated by means of
poison, lying in wait, torture, or by any kind of willful, deliberate,
and premeditated killing, etc., shall be deemed murder in the first
degree, an indictment charging a killing by burning as being
"felonious, unlawful, willful, and with express malice aforethought,"
is sufficient to sustain a conviction of murder in the first degree, with-
out using the words "deliberate and premeditated," which are used
in the statute as describing murder in the first degree in killings other
than by poison, lying in wait, and torture.

ID.—MURDER IN FIRST DEGREE—REASONABLE DOUBT—JUSTIFIABLE HOMI-
CIDE—INSTRUCTIONS.—Where the court did not, in terms, tell the jury
that if defendants presented testimony, tending to show self-defense,
such as would create in their minds a reasonable doubt of guilt, they
must acquit, yet did, in effect, do so, by charging them as to what
constituted justifiable homicide, in connection with its instructions
upon reasonable doubt, and the necessity of the territory's proving
every element of murder in the first degree, though error in not giving
such instructions, was not prejudicial error.

ID.—MURDER IN FIRST DEGREE—FAILURE TO CHARGE AS TO SECOND
DEGREE—TESTIMONY.—In such case, if the testimony tended to show
murder in the second degree, it would be reversible error to have
omitted an instruction on such degree (Territory v. Friday, 204, ante);
but held, that the testimony did not disclose that such instruction
should have been given.

ID.—CHANGE OF VENUE.—The overruling of a motion for change of venue,
based on the affidavits of defendants' attorneys, was not error.

APPEAL, from a judgment of the First Judicial
District Court, Santa Fe County, convicting defend-
ants of murder in the first degree.    Affirmed.

The facts are stated in the opinion of the court.

CHARLES A. SPIESS and WILLIAM H. POPE for
appellants.

The affidavits and motion for change of venue in
this case were made in compliance with chapter 77,
Laws 1889.    The statute is mandatory, and leaves no
discretion with the court to whom the motion is ad-
dressed.    100 Ill. 464.

Confessions entitled to be admitted as evidence
against a prisoner must appear affirmatively to have
been made free from circumstances which involve
duress, promises of assistance or threats, and the court
erred in not requiring the prosecution to show that the
first confessions were not made under such circum-
stances.    Com. v. Cullen, 111 Mass. 435; Hopt v.
People of Utah, 110 U. S. 574.

The defendant, Vialpando, testified that he and
his codefendant, Chavez, killed deceased in self-defense.

If deceased was killed as related by Vialpando, unnecessarily, then defendants are guilty of murder in the second degree; but if done necessarily, they are not guilty, but were justified in taking the life of deceased (Session Laws, 1891, chap. 80, sec. 5. p. 150); and the court erred in not submitting the testimony to the jury under proper instructions. Territory v. Nichols, 3 N. M. (Gil.) 103; Territory v. Young, 2 Id. 274; Territory v. Romine, Id. 114; Territory v. Romero, Id. 474. See, also, McNevins v. People, 61 Barb. 307; Lane v. Com. 59 Pa. St. 374; Adams v. State, 29 Ohio St. 412; People v. Kelly, 35 Hun. 295; Nelson v. State, 2 Swan (Tenn.), 257; State v. Banks, 73 Mo. 592.

Where a homicide has been proven the presumption is that it was murder in the second degree, and the court erred in refusing to so instruct the jury. State v. Payne, 10 Wash. 545; State v. Cain, 20 W. Va. 679; Hill v. Coinn, 2 Gratt. 594; State v. Gassert, 65 Mo. 352; State v. Evans, Id. 574.

Although defendants relied upon the law of self-defense, and had no other defense, the court did not instruct the jury as to the law of self-defense, nor that if they found that defendants killed deceased in self-defense, they must acquit them. Such instructions should have been given, though not requested by defendants. Hinch v. State, 25 Ga. 699; Potter v. State, 85 Tenn. 88; Steinmeyer v. People, 95 Ill. 383; State v. Sneed, 91 Mo. 255; McConnell v. State, 22 Tex. App. 354; Elliston v. State, 10 Id. 361.

The record in this cause will not support the court in sentencing the defendants to death as guilty of murder in the first degree. Davis v. People of Utah, 151 U. S. 262; People v. Dowd, 19 Conn. 387.

The jury having failed to find the degree, the court can not assume that they intended the first degree rather than some other degree. Hogan v. State, 30 Wis. 428; Com. v. Johnson, 24 Pa. 386.

The degree of criminality must be found by the jury, upon common law principles, as well as statutory requirements. Dover v. State, 75 Ala. 40; Storey v. State, 71 Id. 329; Kendall v. State, 45 Id. 32; Cobia v. State, 16 Id. 781; Ford v. State, 34 Ark. 649; Neville v. State, 36 Id. 614; People v. Campbell, 40 Cal. 129; People v. Marquis, 15 Id. 38; State v. Moran, 7 Iowa, 236; State v. Huber, 8 Kan. 447; Tully v. People, 6 Mich. 273; State v. Upton, 20 Mo. 397; Parnish v. State, 18 Neb. 405; State v. Rover, 10 Nev. 388; Parks v. State, 3 Ohio St. 101; Dick v. State, Id. 89; McPherson v. State, 9 Yerg. 279; Slaughter v. State, 24 Tex. 410; Armstead v. State, 22 Tex. App. 51; McGuffie v. State, 17 Ga. 497; State v. Potter, 16 Kan. 80; Com. v. Herty, 109 Mass. 348; State v. Ryan, 13 Minn. 370.

JOHN P. VICTORY, solicitor general, for territory.

The affidavits presented by the attorneys for defendants on the motion for change of venue do not comply with the law. They show upon their face that the affiants were not disinterested persons. Sess. Laws, 1889, chap. 77, p. 183.

The court did not err in admitting the confessions before proof had been first made that alleged prior confessions were not made under duress or threats. Hopt v. People of Utah, 114 U. S. 488; State v. Guy, 69 Mo. 430; State v. Tatro, 50 Vt. 483. See, also, State v. Patterson, 73 Mo. 695, as to handcuffing prisoners at time of making confession, and Rufer v. State, 25 Ohio St. 464, as to burden of showing that the confessions were made by threats or improper inducements.

As to sufficiency of the indictment and sentence, see Territory v. Friday, decided at present term of this court.

As to charging in other degrees than first, the record does not embody any of the evidence given for the prosecution, and hence the presumption is that the court charged the jury correctly upon the evidence as a whole.    Wheelock v. McGee, 1 N. M. 573.

The court did substantially charge the jury as to the law of self-defense in instruction number 16.    "It is not error to refuse a charge when those given cover the whole case."    Territory v. Anderson, 4 N. M. 213; Territory v. Edie, 6 Id. 555;  U. S. v. De Amador, Id. 173.

The fact that the names of the defendants were not inserted in the verdict, does not render the verdict void for uncertainty.    State v. Faulk, 30 La. Ann. 831; State v. Adam, 31 Id. 717; Cooper v. State, 20 S. W. Rep. 979.    See, also, Algier v. Maria, 14 Cal. 170; Alhambra W. Co. v. Richardson, 72 Id. 598.

COLLIER, J.—The defendants were indicted for murder, tried, and found guilty.    The verdict rendered was, in form, as follows:    "We, the jury, find the defendants guilty as charged in the indictment."    And it was construed by the court below as a verdict of murder in the first degree, and sentence of death was pronounced on it, after motion for new trial was heard and overruled.    From alleged error in overruling the motion for new trial, the case comes on appeal to this court.

It is urged as one ground of error, that the indictment only charges murder generally, and not in such manner as to show murder in the first degree exclusively, and that, therefore, the verdict, finding defendant guilty as charged, does not necessarily import a finding in the first, or any other particular, degree.    If this ground were well taken, it would seem strictly more proper for motion in arrest of judgment than by motion for a new trial.    We will, however, treat the

question as properly raised, and, to its better understanding, we here set forth at large the indictment:

"Territory of New Mexico, county of Santa Fe. In the district court, at the special term A. D. 1895. The grand jurors for the territory of New Mexico, taken from the body of the good and lawful men of the county of Santa Fe aforesaid, duly elected, impaneled, sworn, and charged at the term aforesaid to inquire in and for the county of Santa Fe aforesaid, upon their oaths do present, that Jesus Vialpando and Feliciano Chavez, late of the county of Santa Fe, territory of New Mexico, on the twentieth day of January, in the year of our Lord, 1895, at the county of Santa Fe aforesaid, with force and arms, at the county aforesaid, in and upon one Tomas Martinez, then and there being, feloniously, unlawfully, willfully, purposely, and with express malice aforethought, did make an assault, and the said Jesus Vialpando and Feliciano Chavez certain guns and pistols then and there being charged with gunpowder and loaded with divers leaden bullets, which said guns and pistols the said Jesus Vialpando and Feliciano Chavez in their right hands then and there held against, at, and upon him, the said Tomas Martinez, then and there, feloniously, unlawfully, willfully, purposely, and with express malice aforethought, did discharge and shoot off; and that the said Jesus Vialpando and Feliciano Chavez, with the leaden bullets aforesaid, by force of the gunpowder out of the said guns and pistols by them, the said Jesus Vialpando and Feliciano Chavez, so as aforesaid discharged and shot off, him, the said Tomas Martinez, in and upon the left side of the head of him, the said Tomas Martinez, then and there, feloniously, unlawfully, willfully, purposely, and with express malice aforethought, did strike and wound, giving to him, the said Tomas Martinez, then and there, with the leaden bullets aforesaid, out of the guns and pistols so as aforesaid dis-

charged and shot off in and upon the left side of the head of him, the said Tomas Martinez, one mortal wound, of which said mortal wound the said Tomas Martinez then and there instantly died; and that the said Jesus Vialpando and Feliciano Chavez, then and there, feloniously, unlawfully, willfully, purposely, and with express malice aforethought, did take the said Tomas Martinez into both the hands of them, the said Jesus Vialpando and Feliciano Chavez, and did then and there, feloniously, unlawfully, willfully, purposely, and with express malice aforethought cast, throw, and push the said Tomas Martinez into a certain fire then and there burning, wherein there was a great quantity of wood, set fire to and caused to be burned and consumed by them, the said Jesus Vialpando and Feliciano Chavez, inflicting thereby, and by means of the flames thereof, upon the said Tomas Martinez, on his breast, belly, arms, legs, head, neck, and other parts of the body, divers mortal burns, sores and wounds, of which said mortal burns, sores and wounds the said Tomas Martinez then and there instantly died.    And so the jurors aforesaid, upon their oaths aforesaid do say that the said Jesus Vialpando and Feliciano Chavez the said Tomas Martinez, in manner and form aforesaid, feloniously, unlawfully, willfully, purposely, and with express malice aforethought, did kill and murder, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the territory of New Mexico.

"J. H. CRIST,
"District Attorney for counties of Santa Fe,
San Juan and Rio Arriba."

It appears from this indictment that death was effected in two different methods or ways—First, by shooting; and, second, by deceased's be-

<span style="float:left">MURDER: killing by burning: sufficiency of indictment charging.</span>

ing cast and thrown upon a fire and burned; each distinct method being alleged as done "feloniously, unlawfully,

willfully, purposely, and with express malice afore-
thought." In form, the indictment is in one count,
but it contains distinct and separate matter for two
counts. Advantage might have been taken of this fact
by demurrer for duplicity, but, instead, the trial pro-
ceeded with the only issue in the case made upon the
plea of not guilty. Whatever might be said as to the
indictment, so far as it charges death by shooting with
guns and pistols, we think it clear that the portion con-
taining, as we have said, distinct matter for a full and
complete count, charges, in an exclusive way, murder
in the first degree. Our statute defining murder gen-
erally says it is the unlawful killing of a human being
with malice aforethought, express or implied, and it
declares that all murder which shall be perpetrated by
means of poison, or lying in wait, torture, or by any
kind of willful, deliberate, and premeditated killing,
etc., shall be deemed murder in the first degree. It is
to be noticed that to elevate any other murder to the
grade at which "murder perpetrated by means of poi-
son, or lying in wait, torture," is placed by our statute,
the killing must be willful, deliberate, and premeditated.
In other words, an unlawful killing of a human being,
with malice aforethought, perpetrated by torture, is
murder in the first degree, without other description,
such as "willful, deliberate, and premeditated." The
indictment in this case charges the killing by burning
as being felonious, unlawful, willful, and with express
malice aforethought. The words "deliberate and pre-
meditated," used in the statute as describing murder in
the first degree in killings other than by poison, lying
in wait, and torture, are omitted. The only question,
then, to consider, is whether or not a killing by burn-
ing, in the manner described, is one perpetrated by
means of torture. Dr. Johnson defines "torture,"
other than torments judicially inflicted (which can not
be the torture meant by our statute), to be pain, an-

guish, pang; and Webster defines it as extreme pain, anguish of body or mind, pang, agony, torment. As used in a Missouri statute prohibiting the torture of animals, torture was held to consist in some violent, wanton, and cruel act necessarily producing pain and suffering for the animal. State v. Pugh, 15 Mo. 509. The facts set forth, we think, necessarily import torture,—a recital of facts from which the law draws the conclusion of torture; and the omission of the statutory word "torture" can not, we think, vitiate the indictment. We therefore hold the contention of appellants on this point to be not well founded. If the indictment was framed with two counts, instead of one, the verdict should be construed along with the one that makes it intelligible and certain; and it being in the form it is, unexcepted to, a like result should follow.

Another error urged by appellants is the alleged failure of the court to instruct as to self-defense. The instructions of the court are very full on MURDER in first degree: reasonable doubt: justifiable homicide: instructions. the question of first degree, or a verdict of not guilty; and the jury are admonished with precision and particularity as to the necessity of the prosecution's proving beyond a reasonable doubt every ingredient of that grade of murder. It is true that the court did not, in terms, tell the jury that, if defendants presented such testimony, tending to show self-defense, as created in their minds a reasonable doubt of guilt, they must acquit, he yet, in effect, so told them when, in connection with his instructions upon reasonable doubt, and the necessity of the prosecution's proving every element of murder in the first degree, he charged them what constituted justifiable homicide. It would be better, always, to give such instructions; but the error, for the reasons we have indicated, was not so prejudicial as to require reversal.

Another ground of error we will consider is the claim by appellants that an instruction as to second degree should have been given. If the tes-

FAILURE to charge as second degree: testimony.

timony tended to show any such degree, it would be fatal error to have omitted such an instruction, whether asked by counsel or not, as we have just decided in the case of Territory v. Roberto Friday. A careful consideration of this testimony does not disclose that such an instruction should have been given. If the testimony had been believed, the jury would certainly have acquitted, but there was no possible middle ground between murder in the first degree and acquittal.

We do not think the court erred in overruling the motion for change of venue, based, as it was, on the

CHANGE of venue.

affidavits of defendant's attorneys. The court held that they were not disinterested persons, and so do we. Finding no reversible error in the record, the judgment of the lower court is affirmed, and it is accordingly so ordered.

HAMILTON and BANTZ, JJ., concur.