IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                  **NO. 28,370**

DANIEL ROWLAN,

    Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY
Don Schulte, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals his conviction for criminal child abuse. We proposed to affirm in a calendar notice, and Defendant has responded with a memorandum in opposition. Unpersuaded by Defendant's arguments, we affirm.

During trial, the district court merged two of the three original counts of child abuse into Count 1. [RP 98] The jury entered a verdict of not guilty for Count 1, and a verdict of guilty for Count 2. [RP 122-23] Count 2 charged Defendant with child abuse for intentionally and without justification causing the child to be tortured, cruelly confined, or cruelly punished by stuffing a towel into the child's mouth and holding it in place. [RP 1] In his memorandum in opposition to our calendar notice, Defendant continues to claim that there was insufficient evidence to support the child abuse conviction, and the district court erred when it denied Defendant's motion for directed verdict on both counts.

A motion for directed verdict presents the question of whether there was sufficient evidence to support a charge. *State v. Dominguez*, 115 N.M. 445, 455, 853 P.2d 147, 157 (Ct. App. 1993). In other words, we must determine whether there was sufficient evidence presented by the State to support the charge of child abuse as described in Count 2. For sufficiency-of-the-evidence claims, we view the evidence in the light most favorable to the verdict, and we resolve all conflicts and indulge all reasonable inferences in favor of that verdict. *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. The evidence presented in this case established that Defendant stuck a blanket down the child's mouth–down to her

tonsils. [RP 89] When Defendant was stuffing the blanket into the child's mouth, she could not breathe and it went down so far, she could not talk. [RP 89] Defendant also had his hand in her mouth. [Id.] The child testified that Defendant's actions lasted for a minute, and that she was scared and hurting. [RP 88-89] The child's sister also testified that Defendant was angry when he put the blanket into the child's mouth, and the blanket was in her mouth for two minutes. [RP 92, 95]

At trial, Defendant argued that the State had failed to show evidence that the child suffered trauma, injury, or had ongoing pain as a result of Defendant's actions. [DS 5-6] Therefore, Defendant argued, the actions could not amount to intentional cruel punishment or torture. [DS 6] Defendant also argued that the State failed to produce a medical or child abuse expert, and failed to produce evidence to corroborate the victim's story. [DS 7] As discussed in our calendar notice, based on our case law, cruel punishment or torture occurs when one's actions are without compassion or kindness and result in unnecessary pain or cruelty to another. *See State ex rel. Serna v. Hodges*, 89 N.M. 351, 354, 552 P.2d 787, 790 (1976) (defining cruel under the eighth amendment as punishment that inflicts "unnecessary pain or cruelty"), *overruled on other grounds by State v. Rondeau*, 89 N.M. 408, 553 P.2d 688 (1976); *State v. Buford*, 65 N.M. 51, 52, 331 P.2d 1110, 1111 (1958) (defining torture as acts

causing unjustified physical pain and suffering); *Territory v. Vialpando*, 8 N.M. 211, 218-19, 42 P. 64, 65 (1895) (defining torture as pain, anguish of body or mind, agony, torment); *Territory v. Pridemore*, 4 N.M. 275, 280, 13 P. 96, 97-98 (1887) (defining cruel as giving pain to others in body or mind, torment, acts destitute of compassion or kindness, hardhearted behavior). The evidence described above was sufficient to support a finding that Defendant intentionally inflicted cruel punishment or torture on the child. The evidence was sufficient to support the charge, and subsequent conviction, in this case.

In his memorandum in opposition, Defendant argues that he stood in *loco parentis* to the child, and therefore was allowed to use "moderate or reasonable physical force" when disciplining the child. [MIO 6] Defendant does not provide details as to how this specific argument was preserved in the district court. To preserve an issue for appeal, Defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon. *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280. In addition, we will not search the record to find whether an issue was preserved. *See State v. Rojo*, 1999-NMSC-001, ¶ 44, 126 N.M. 438, 971 P.2d 829. Because we do not consider issues that were not properly preserved for appeal, we do not address

4

Defendant's claim. Moreover, even if the issue was properly preserved, we do not agree that Defendant's actions in pushing a blanket down the child's throat, causing her to be unable to breathe or talk, and causing her pain and fear, qualify as "moderate or reasonable physical force."

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Judge**



_____
**RODERICK T. KENNEDY, Judge**